## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IRWIN TRIPP

          Plaintiff,

vs.

WALMART, INC. (f/k/a WAL-MART
STORES, INC.), WAL-MART STORES
EAST, L.P., and JOSHUA BINNION,
Individually,

          Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.:

## COMPLAINT FOR DAMAGES

COMES NOW, IRWIN TRIPP, Plaintiff in the above-styled civil action, by and through his undersigned counsel, and files this Complaint for Damages against WALMART, INC. (f/k/a WAL-MART STORES, INC.), WAL-MART STORES EAST, L.P., and JOSHUA BINNION, Individually, Defendants in the above-styled civil action, and shows this Honorable Court the following:

## PARTIES, VENUE AND JURISDICTION

1.

Plaintiff, Irwin Tripp, is a Citizen of the United States and resides in Conyers, Rockdale County, Georgia.

2.

Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) is a foreign (Delaware) corporation having its principal place of business location at 702 SW 8th Street, Bentonville, AR 72716.   Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) is subject to the jurisdiction and venue of this Court, and may be served with summons, complaint and process by delivering a copy of same to its registered agent, The Corporation Company (FL), 112 North Main Street, Cumming, Georgia, 30040 and also, CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

3.

Defendant Wal-Mart Stores East, L.P. is a foreign limited partnership having its principal place of business at 702 SW 8th Street, Bentonville, AR 72716. Defendant Wal-Mart Stores East, L.P. is subject to the jurisdiction and venue of this Court, and may be served with summons, complaint and process by delivering a copy of same to its registered agent, The Corporation Company (FL), 112 North Main Street, Cumming, Georgia, 30040.

4.

Defendant Joshua Binnion is a citizen of the United States and is domiciled within the State of Florida. Defendant Joshua Binnion may be served with a copy of the summons and complaint at his residence, 417 Red Hawk Loop, Winter Haven, Florida 33880 or any location where he may be found.

5.

At all times pertinent to the allegations of this Complaint, Defendant Joshua Binnion was an employee acting within the course and scope of his employment or agency with Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P.

6.

At all times pertinent to the allegations of this Complaint, Plaintiff, Irwin Tripp was an independent contract driver residing in Conyers, Georgia.

7.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because Plaintiff is a citizen of a different state than Defendants.

8.

Jurisdiction is proper pursuant to 28 U.S.C. § 1332, and venue is proper in this Court.   Further, Plaintiff needs ongoing medical care and remains occupationally disabled and hospitalized in Georgia.   Additionally, a substantial part of the proof, including the Plaintiff himself, is situated in Georgia.

9.

By virtue of the fact that the actions and causes of action for the recovery of damages for injuries to Plaintiff Irwin Tripp occurred prior to his death, his cause(s) of action do not abate by his subsequent death, and survive to the Administrator of his estate.

**STATEMENT OF FACTS**

10.

On  or  about May 30, 2019, Plaintiff Irwin Tripp was directed to deliver a trailer to the Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Wal-Mart Stores East, L.P. distribution center located at 5600 Lucerne Park Road, Winter Haven, Polk County, Florida 33880.

11.

On or about May 30, 2019, Defendant Joshua Binnion was operating a 4x2 Terminal Tractor bearing unit number M0007 (also called a Yard Dog) with an attached trailer (hereinafter "Terminal Truck Unit"), both of which were owned, controlled and maintained by Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P.

12.

On or about May 30, 2019, Defendant Joshua Binnion was operating the Terminal Truck Unit during the course and scope of his employment and/or agency with Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P.

13.

Upon arriving at the Distribution Center, Plaintiff Irwin Tripp, at the direction and instruction of Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P., backed his tractor-trailer unit into Bay 54 and remained in his tractor awaiting further directions.

14.

At or near 10:36 a.m., Plaintiff Irwin Tripp was instructed to come into the Bay Area office building to complete his delivery.

15.

In order to enter the Bay Area office building, Plaintiff Tripp was required to, and did, exit his tractor truck, and walk across the adjacent bay lanes for the purpose of entering the building.  This route provided Plaintiff Tripp's only access, and there was no designated pedestrian walk-way.

16.

At or near this same time, Defendant Joshua Binnion was operating the Terminal Truck Unit at a high rate of speed through the distribution center.

17.

At or near this same time, as he walked towards the Bay Area office building, Plaintiff Irwin Tripp was visible to Defendant Joshua Binnion.

18.

While Plaintiff Irwin Tripp was walking towards the Bay Area office building, Defendant Joshua Binnion, traveling at a high rate of speed, backed the Terminal Truck Unit into Bay 55 striking and backing over Plaintiff Tripp causing severe crush injuries, including but not limited to a right leg above knee amputation, left hip disarticulation, left-side ostomy requiring use of colostomy bag, memory difficulties, phantom pain at the left hip disarticulation site, ongoing right shoulder pain, restricting right upper extremity range of motion, lower back pain, bilateral upper extremity weakness, resulting in severe physical

pain and suffering, mental anguish, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical treatment, and loss of ability to earn money. These losses are permanent and Plaintiff will continue to suffer losses in the future.

## COUNT I

## DEFENDANT JOSHUA BINNION'S NEGLIGENCE

19.

Plaintiff re-alleges and reaffirms the allegations of Paragraphs 1-18 and further states as follows:

20.

Defendant Joshua Binnion had a duty to exercise reasonable care and to comply with existing statutory laws, regulations and/or industry standards in the safe operation of the Terminal Truck Unit, including but not limited to, the duty to ensure he obtained the required training, the duty to maintain a proper lookout for pedestrian traffic, the duty to communicate and warn of his presence to Plaintiff Irwin Tripp prior to backing his trailer into the Bay, the duty to ensure that the area into which he was backing was safe and free of pedestrians, and the duty to yield the right-of-way to pedestrians (including Irwin Tripp).

21.

Defendant Joshua Binnion was negligent and failed to exercise ordinary care and failed to comply with existing statutory laws, regulations and/or industry standards, including in the following manners:

a) Failing to ensure he obtained the required training in the safe operation of the Terminal Truck Unit;

b) Failing to maintain a proper lookout for pedestrian traffic;

c) Failing to communicate and warn of his presence to Plaintiff Irwin Tripp prior to backing his trailer into the Bay;

d) Failing to ensure that the area into which he was backing was safe and free of pedestrians, including Plaintiff Irwin Tripp; and

e) Failing to yield the right-of-way to pedestrians, including Plaintiff Irwin Tripp.

22.

Defendant Joshua Binnion's negligence is the proximate cause of the pedestrian-vehicle incident, and of the injuries sustained by Plaintiff Irwin Tripp.

23.

As a direct result of the negligence of Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P.'s employees and/or agents, including Joshua Binnion, Plaintiff Irwin Tripp suffered severe crush

injuries, including but not limited to a right leg above knee amputation, left hip disarticulation, left-side ostomy requiring use of colostomy bag, memory difficulties, phantom pain at the left hip disarticulation site, ongoing right shoulder pain, restricting right upper extremity range of motion, lower back pain, bilateral upper extremity weakness, resulting in severe physical pain and suffering, mental anguish, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical treatment, and loss of ability to earn money. These losses are permanent and Plaintiff will continue to suffer losses in the future.

24.

As a further direct and proximate cause of the negligence of Defendant Joshua Binnion, Plaintiff Irwin Tripp has incurred medical expenses of over $2,641,460.80.   These expenses are continuing as Irwin Tripp will continue to incur future medical expenses. Plaintiff Irwin Tripp's medical expenses incurred to date are itemized as follows:

- Lakeland Regional Health Medical Center:   $2,473,975.90
- Watson Clinic:                             $     78,885.00
- Rocky Mountain Holdings, LLC:              $     45,724.99
- U.S. Dept. of Veterans Affairs:            $     29,782.41
- Benchmark Physical Therapy:                $      5,170.50
- Lakeland Pathologist, PA:                  $      4,901.00

- Osprey Emergency Physicians:      $      2,025.00
- Radiology and Imaging Specialists:      $      996.00

Total:      $2,641,460.80

25.

As a further direct and proximate cause of Defendant Joshua Binnion's negligence, Plaintiff Irwin Tripp has lost wages in excess of $50,000.00. These losses are continuing and Irwin Tripp will incur future wage losses.

26.

Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P. are liable to Plaintiff Irwin Tripp for all statutory, direct and consequential damages resulting from the negligent conduct of Defendant Joshua Binnion under the doctrine of *respondeat superior* and/or vicarious liability.

## COUNT II
## IMPUTED LIABILITY

27.

Plaintiff re-alleges and reaffirms the allegations of Paragraphs Nos. 1 through 26 and further states as follows:

28.

At the time of the subject pedestrian-vehicle incident, Defendant Joshua Binnion was operating under the dispatch, control and instruction of Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P.

29.

Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and Defendant Wal-Mart Stores East, L.P. are responsible for the actions of Defendant Joshua Binnion with regard to the pedestrian-vehicle incident described in this Complaint under the doctrine of agency or apparent agency, vicarious liability and/or *respondeat superior*.

**COUNT III**

**NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION**

30.

Plaintiff re-alleges and reaffirms the allegations of Paragraphs Nos. 1 through 29 and further states as follows:

31.

Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and Defendant Wal-Mart Stores East, L.P. had a duty to exercise ordinary care and to comply with statutory law, regulations and/or industry standards in the hiring, training,

supervision and retention of competent employees, which included, and was not limited to the duty to investigate and determine each employees' fitness for the position, the duty to ensure that each employee was properly trained for the position for which he/she was hired and employed, the duty to monitor and supervise the conduct of its employees to prevent and/or correct unsafe behavior, and the duty to remain knowledgeable of that fitness and/or lack thereof, for the position.

32.

Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and Defendant Wal-Mart Stores East, L.P. failed to exercise ordinary care and failed to comply with statutory laws, regulations and/or industry standards in the hiring, training, supervision and retention of employee, Joshua Binnion, in that Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and Defendant Wal-Mart Stores East, L.P. knew, should have known, or recklessly disregarded the fact that Joshua Binnion was an incompetent and unfit employee and that his incompetence posed a foreseeable and unreasonable risk of harm to others, including Plaintiff Irwin Tripp.

33.

Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and Defendant Wal-Mart Stores East, L.P. failed to exercise ordinary care and failed to comply with

stator laws, regulations and/or industry standards in the following acts and omissions:

a) Failing to investigate Joshua Binnion's fitness for the positions for which he was hired and/or re-hired and working on May 30, 2019;

b) Failing to ensure that Joshua Binnion was competent to operate the Terminal Truck Unit safely;

c)  Failing to ensure that Joshua Binnion successfully completed the required training before allowing him to operate the Terminal Truck Unit;

d) Failing to monitor and supervise the conduct of Joshua Binnion to prevent and/or correct unsafe behavior;

e) Failing to remain knowledgeable of Joshua Binnion's lack of fitness for the positions which he was assigned on May 30, 2019;

f) Despite having actual knowledge of the fact that Joshua Binnion was an unsafe driver and did not have the required safe training, continuously allowing and instructing him to operate the Terminal Truck Unit; and

g) Despite having actual and/or at least constructive knowledge of Joshua Binnion's inept and unsatisfactory work history, retaining, and failing to supervise him to prevent unsafe work behavior, including operating the Terminal Truck Unit safely.

34.

Despite the fact that Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and Defendant Wal-Mart Stores East, L.P. knew or, by the exercise of ordinary care, should, could and would have known that Defendant Joshua Binnion's operation of the Terminal Truck Unit increased the risk of injury to others, including Plaintiff Irwin Tripp, Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and Defendant Wal-Mart Stores East, L.P. continued to negligently retain, failed to train and re-train, and failed to supervise his conduct, including his operation of the Terminal Truck Unit.

35.

Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and Defendant Wal-Mart Stores East, L.P. knew or, by the exercise of ordinary care, should have known that Defendant Joshua Binnion was incompetent and unfit.

36.

Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and Defendant Wal-Mart Stores East, L.P.'s negligence in the hiring, training, supervision and retention of Defendant Joshua Binnion was the proximate cause of Plaintiff Irwin Tripp's severe crush injuries, including but not limited to a right leg above knee amputation, left hip disarticulation, left-side ostomy requiring use of colostomy bag, memory difficulties, phantom pain at the left hip disarticulation site, ongoing

right shoulder pain, restricting right upper extremity range of motion, lower back pain, bilateral upper extremity weakness, resulting in severe physical pain and suffering, mental anguish, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical treatment, and loss of ability to earn money.

37.

Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P.  are liable to Plaintiff Irwin Tripp for all statutory, direct and consequential damages resulting from their negligent conduct.

## COUNT IV

## NEGLIGENT ENTRUSTMENT

38.

Plaintiff re-alleges and reaffirms the allegations of Paragraphs 1-37 and further states as follows:

39.

Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P.  had a duty to ensure that Defendant Joshua Binnion was properly trained, before allowing him to operate the Terminal Truck Unit.

40.

Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P. also had a duty not to entrust the Terminal Truck Unit to someone that it knew lacked the required operational and safety training.

41.

Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P. also had a duty not to entrust the Terminal Truck Unit to someone that it knew had a documented history of an inept and unsatisfactory work performance.

42.

Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P. failed to exercise ordinary care and failed to comply with statutory laws, regulations and other existing industry standards of care in the following acts and omissions:

a) Entrusting a Terminal Truck Unit to its employee, Joshua Binnion, with actual, and constructive knowledge of the fact that he did not have the required operational and safety training; and

b) Entrusting a Terminal Truck Unit to its employee, Joshua Binnion, with actual, and constructive knowledge of his known and documented history of unsafe work performance.

43.

Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P. knew or, by the exercise of ordinary care, should have known that Joshua Binnion's operation of the Terminal Truck Unit, because of his lack of required training, lack of proper supervision, and documented history of unsafe work performance, created a risk of injury to others, including Plaintiff Irwin Tripp.

44.

Despite the fact that Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P. knew or, by the exercise of ordinary care, should have known that Joshua Binnion's operation of the Terminal Truck Unit increased the risk of injury to others, including Plaintiff Irwin Tripp, Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P. negligently entrusted him with operation of the unit to carry out the business of Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P.

45.

Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P.'s negligent entrustment of Joshua Binnion with the Terminal Truck Unit was the proximate cause of Plaintiff Irwin Tripp's severe crush injuries, including but not limited to right above knee amputation, left hip disarticulation, left-side ostomy requiring use of colostomy bag, memory difficulties, phantom pain at left hip disarticulation site, ongoing right shoulder pain, restricting right upper extremity range of motion, lower back pain, bilateral upper extremity weakness, resulting in severe physical pain and suffering, mental anguish, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical treatment, and loss of ability to earn money.

46.

Defendant Walmart, Inc. (f/k/a Wal-Mart Stores, Inc.) and/or Defendant Wal-Mart Stores East, L.P. are liable to Plaintiff Irwin Tripp for all statutory, direct and consequential damages resulting from its negligent conduct.

## COUNT V
## DAMAGES

47.

Plaintiff re-alleges and reaffirms the allegations in Paragraphs Nos. 1 through 46 and further states as follows:

48.

As a result of the conduct of each Defendant, Plaintiff Irwin Tripp has incurred past medical expenses and will incur future medical expenses, all in excess of $75,000.00, inclusive of, but not limited to, the sums set forth below. Plaintiff Gregory Holder's medical treatment is ongoing, and therefore, said medical expenses will continue to be incurred by Plaintiff.

- Lakeland Regional Health Medical Center:   $2,473,975.90
- Watson Clinic:                             $    78,885.00
- Rocky Mountain Holdings, LLC:              $    45,724.99
- U.S. Dept. of Veterans Affairs:            $    29,782.41
- Benchmark Physical Therapy:                $     5,170.50
- Lakeland Pathologist, PA:                  $     4,901.00
- Osprey Emergency Physicians:               $     2,025.00
- Radiology and Imaging Specialists:         $       996.00

   Total:                                    $2,641,460.80

49.

As a result of the conduct of each Defendant, Plaintiff Irwin Tripp incurred past lost wages in excess of $50,000.00, and will incur lost wages in the future.

50.

As a result of the conduct of each Defendant, Plaintiff Irwin Tripp er has suffered other damages, such as loss of enjoyment of life and permanent scarring and disfigurement for which he is entitled to compensatory and equitable damages in an amount to be proven at trial.

51.

As a result of the conduct of each Defendant, each Defendant is liable to Plaintiff Irwin Tripp for damages associated with his personal injuries, pain and suffering, severe emotional distress, financial and economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages for which he is entitled to compensatory and equitable damages in an amount to be proven at trial.

## COUNT VI
## PUNITIVE DAMAGES

52.

Plaintiff re-alleges and reaffirms the allegations in Paragraphs Nos. 1 through 51 and further states as follows:

53.

Pursuant to *Fla. Stat.* 768.72(1), Plaintiff does not currently make a clam for punitive damages.   Pursuant to *Fla. Stat.* 768.72(1), however, Plaintiff hereby

states that upon a reasonable showing of evidence in the record and/or proffered by Plaintiff which would provide a reasonable basis for the recovery of such damages, Plaintiff shall seek leave to amend this Complaint and state a claim for punitive damages.

**WHEREFORE**, the Plaintiff prays for and respectfully request the following relief:

a) A judgment against the Defendants for the reasonable and necessary past, present, and future medical expenses incurred by Plaintiff in an amount not less than $2,641,460.80 and continuing, in an amount to be proven at trial;

b) A judgment against the Defendants for past, present, and future wage loss in an amount not less than $50,000.00 and continuing;

c) A judgment against the Defendants for general damages for the diminution in the capacity to earn and labor (past, present and future), experienced by Plaintiff, separate and apart from lost wages, in amount to be determined by the enlightened conscience of an impartial jury;

d) A judgement against the Defendants for general damages (past, present and future) for the actual physical pain and suffering experienced by Plaintiff, in an amount to be determined by the enlightened conscience of an impartial jury;

e) A judgment against the Defendants for general damages (past, present and future) for the mental anguish, shock, fright, and worry experienced by Plaintiff as a result of his serious and permanent injuries in an amount to be determined by the enlightened conscience of an impartial jury;

f) A judgment against the Defendants for general damages for the permanent diminution in enjoyment of living experienced by the Plaintiff in an amount to be determined by the enlightened conscience of a fair and impartial jury;

g) A judgment against Defendants for general damages for (past, present and future) physical impairment because Plaintiff has sustained physical impairment in the past and will continue, in reasonable probability, to sustain physical impairment in the future;

h) A judgment against Defendants for general damages for (past, present and future) physical disfigurement because Plaintiff has sustained physical impairment in the past and will continue, in reasonable probability, to sustain physical disfigurement in the future;

i) A judgment for punitive damages to the extent permitted upon proof as required by governing law pursuant to *Fla. Stat.* 768.72(1);

j) A trial by jury;

k) That all cost of this action be cast against Defendants; and

l) That Plaintiffs be awarded such further relief as this Court deem just and

proper.

This 11th day of December, 2020.

Respectfully submitted,

**FORREST B. JOHNSON & ASSOCIATES**

*/s/ Forrest B. Johnson*
FORREST B. JOHNSON, ESQ.
Georgia Bar No.: 393480

*/s/ Renee Y. Tucker*
RENEE Y. TUCKER, ESQ.
Georgia Bar No.: 454262

1745 MLK Jr. Drive, NW
Atlanta, GA 30314
Telephone: 404-758-9111
Facsimile: 888-298-0458
forrestjohnson@fbjlaw.com
reneetucker@fbjlaw.com
markeisha@fbjlaw.com