IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| IRWIN TRIPP,<br>    Plaintiff,<br><br>v.<br><br>WALMART, INC. AND WAL-MART STORES EAST, L.P.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO.: 8:21-CV-00510-WFJ-SPF |

**\*TIME SENSITIVE\***
**MOTION TO COMPEL DEPOSITION OF WALMART'S CORPORATE REPRESENTATIVE AND TO EXTEND THE DISCOVERY DEADLINE**

    Plaintiff, pursuant to Federal Rule of Civil Procedure 37, hereby requests this Court compel Walmart's corporate representative(s) to appear for deposition pursuant to a Rule 30(b)(6) deposition.

    1.    This motion is time sensitive because, pursuant to the Amended Case Management and Scheduling Order entered September 11, 2021, the discovery deadline is August 13, 2022. (Docket #53). Time is further limited because Walmart's counsel is on vacation the first week of August. After many emails and phone calls, the parties have not been able to come to an agreement on the scope of the deposition of Walmart's corporate representative. Because the discovery deadline is imminent and because Walmart's counsel has indicated they will be on

vacation the first week of August, Plaintiffs request this Court consider this motion prior to the August 13, 2022 discovery deadline.

2. The scope of discovery is defined by Federal Rules of Civil Procedure, Rule 26(b0(1) as "any nonprivileged matter that is relevant to any party's claim of defense and proportional to the needs of the case." In this case, the requested deposition of the corporate representative is relevant to the case and Walmart should be ordered to comply.

3. Plaintiff Tripp is suing Walmart for Mr. Tripp's catastrophic injuries, including leg amputation, caused by a Walmart employee backing over Mr. Tripp with a semi-trailer (yard truck). During discovery, Plaintiff learned that Walmart spoliated evidence integral to the case, including the semi-truck (yard truck) which ran over Mr. Tripp, the surveillance video from the day of the accident, as well as maintenance and other forms. In this corporate representative deposition, Plaintiff requests a corporate representative testify regarding the policies and procedures Walmart had in place with regard to preservation of evidence; why those policies were not followed; and why/how it came about that the evidence was not preserved.

4. On June 24, 2022, pursuant to Federal Rules of Civil Procedure, Rule 30(b)(6), Plaintiff served a subpoena for the deposition of Walmart's corporate representative(s) and set a deposition date of July 14, 2022. In the correspondence

accompanying the subpoena, Plaintiff offered to adjust the date to accommodate opposing counsel's schedule. The subpoena and email correspondence are attached as Exhibit A.

5. Walmart refused to comply with the subpoena and took exception to the number and scope of the deposition topics. Correspondence is attached as Exhibit B.

6. Pursuant to this Court's meet and confer requirement, and despite Plaintiff believing all the areas of inquiry were appropriate, the parties worked diligently over several weeks in an effort to come to an agreement on the scope of the deposition. Correspondence is attached as Exhibit B.

7. After an agreement by Walmart to work in good faith to either stipulate to certain facts or to designate parts of other Walmart employee depositions as deponents speaking on behalf of Walmart, Plaintiff narrowed the scope of the 30(b)(6) schedules significantly. See Exhibit B. The proposed redlined subpoena is attached as Exhibit C.

8. However, as of the filing of this motion, Counsel for Walmart has not agreed to move forward with the narrowed deposition topics. Plaintiff provided the narrowed topics to Walmart on July 19, 2022, which was a scaled back version of what had been provided on June 24, 2022. Counsel for Walmart stated he would talk to his clients and get back to Plaintiff.

3

9. On July 26, 2022, Plaintiff provided a draft Unopposed Motion To Extend Discovery For The Limited Purposes Of Taking The Deposition Of Walmart's Corporate Representative(S) and offered a timeline for scheduling the deposition and for extending discovery to accommodate Walmart's counsel's vacation. Plaintiff requested a response as to whether Walmart opposed or agreed to this proposal. Walmart has not responded. Email correspondence is attached as Exhibit D.

10. Plaintiff has re-set Walmart's corporate representative deposition for August 12, 2022, a date that Counsel for Walmart has already reserved for depositions in this case, and Plaintiff has re-served the subpoena for taking of Walmart's corporate representative with the narrowed scope of topics. See Exhibit E.

11. Plaintiff requests this Court either order Walmart to comply with the subpoena served on July 27, 2022, and appear on August 12, 2022, or, in the alternative, Plaintiff requests this Court order Walmart's corporate representative(s) to appear prepared to answer questions on the topics listed in the July 27, 2022, subpoena, but allow the parties to extend discovery until September 9, 2022, for the limited purpose of completing the 30(b)(6) deposition to accommodate any scheduling issues that may arise.

WHEREFORE, Plaintiff respectfully requests this Court enter either

(1)     an order requiring Walmart appear on August 12, 2022, for the deposition of its corporate representative(s) pursuant to the subpoena and notice served July 27, 2022; or, in the alternative,

(2)     an order requiring Walmart's corporate representative(s) be made available for deposition on the topics specified in the July 27, 2022, subpoena prior to prior to September 9, 2022, and an order extending the discovery deadline until September 9, 2022 in order to permit the deposition and to accommodate any scheduling issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of July, 2022, a true and correct copy of the foregoing document was served via electronic transmission to Kevin C. Schiferl, Jeffrey Benson, and Daniel J. Santaniello, KSchiferl@FBTLaw.com; LuksTpa-Pleadings@LS-Law.com; JBenson@InsuranceDefense.net.

Respectfully submitted,
**FORREST B. JOHNSON & ASSOCIATES**
/s/ *Forrest B. Johnson*
FORREST B. JOHNSON, ESQ.
Florida Bar No.: 0272957

/s/ *Stanford Klinger*
STANFORD KLINGER, ESQ.
Georgia Bar No.: 425191
*Attorneys for Plaintiff*
1745 MLK Jr. Drive, NW
Atlanta, GA 30314
Telephone: 404-758-9111
Facsimile: 888-298-0458
Email:ForrestJohnson@FBJLaw.com
E-mail:  StanKlinger@gmail.com
E-mail:  RachelPinkston@FBJLaw.com

5