# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

IRWIN TRIPP,

    Plaintiff,

v.                                Case No: 8:21-cv-510-WFJ-SPF

WALMART, INC. and WAL-MART STORES EAST, L.P.,

    Defendants.
_____/

## ORDER

Before the Court is Defendants Walmart, Inc. and Wal-Mart Stores East, L.P.'s Motion for Reconsideration (Dkt. 163) regarding the Court's Order Denying Summary Judgment (Dkt. 153). Upon careful review, the Court denies Defendants' motion.

"Reconsideration of a prior order is an extraordinary remedy to be used sparingly." *Drew v. Ocwen Loan Servicing, LLC*, No. 8:14-CV-369-T-26TGW, 2014 WL 10504424, at *1 (M.D. Fla. Apr. 29, 2014). "[C]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted). Litigants who assert clear

error and manifest injustice should consider "whether what may seem to be a clear error is in fact simply a point of disagreement between the Court and the litigant." *Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

> Here,
>
> [t]he basis for [Defendants'] motion to reconsider rests chiefly upon three conclusions drawn by the Court. First, this Court improperly and without any factual support concluded that [Defendants] "hired" [Plaintiff], an independent tractor-trailer driver, to deliver goods to its Winter Haven Distribution Center. Second, this Court concluded that [Defendants] could be directly negligent for [Plaintiff's] injuries because it negligently maintained the subject yard truck, it allowed [Mr.] Binnion to operate the negligently maintained yard truck, and the negligently maintained yard truck contributed to the incident. Finally, this Court concluded that [Plaintiff's] claim for failure to maintain the yard truck was not duplicative of his negligent entrustment claim.

Dkt. 163 at 2. The Court will address each point in turn.

First, the Court understands that "it is undisputed that [Defendants] did not hire [Plaintiff], that [Plaintiff] is not [an employee of Defendants'], and that [Plaintiff] is an independent contractor for Taxi Freight." *Id.* at 4. The term "hired" may be used in the context of employees or independent contractors. By stating that "Defendants hired Plaintiff, an independent tractor-trailer driver, to deliver a load of goods to the Walmart distribution center[,]" Dkt. 153 at 1, the Court used it in the latter sense. The Court attempted to make this clear by describing Plaintiff as an *independent*

tractor-trailer driver in the same sentence. Notwithstanding, because no weight was given to this potential distinction, it is not a cause for reconsideration.

Second, the Court's finding that "direct liability could attach to [Defendants] related to [their] alleged negligent maintenance of the subject yard truck and entrustment of the subject yard truck to [Mr.] Binnion" was not a clear error. Dkt. 163 at 6. Whether "all negligent actions flow through [Mr.] Binnion" is a disputed issue of material fact that does not preclude Plaintiff from bringing concurrent vicarious and direct liability theories. *Id.* Similarly, it is simply not true that Plaintiff "has put forward no admissible evidence that the alleged maintenance issues caused or would have prevented the incident." *Id.* at 15. The Court explicitly addressed this contention in its Order. Dkt. 153 at 9. If Defendants wish to revisit these issues, they must wait until they are in front of a jury.

Third, Defendants offer no reason for the Court to reconsider its ruling concerning the non-duplicity of Plaintiff's negligent maintenance and negligent entrustment claims. As the Court explained, "these claims present distinct legal theories and contain non-overlapping factual allegations." *Id.* at 10. Further, they do *not* both fail on their face "if [Mr.] Binnion is not negligent." Dkt. 163 at 16. If proven, these claims "would render Defendants

liable for the accident independent of any negligence by Mr. Binnion." *Id.* at 8.

Finally, Defendants argue that, "at a minimum, [Plaintiff's] negligent entrustment claim should be dismissed" because, "even if [Defendants] did allegedly know that the yard truck needed some form of maintenance, [Mr. Binnion] was still required to perform a preoperational inspection, which would have discovered any alleged issues[.]" Dkt. 163 at 16. This much is unclear. As Defendants' failure to preserve the yard truck demonstrates, Defendants' procedures are not always followed or enforced. Accordingly, this is another argument that is better suited for the jury.

Given that Defendants have failed to demonstrate grounds for reconsideration, Defendants' Motion for Reconsideration, Dkt. 163, is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on December 20, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record